IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEDICAL INVESTMENT COMPANY, LTD., ERGOSERVE CORPORATE SERVICES, LLC, and NORTHSTAR INDUSTRIAL LTD., <br>      Plaintiffs, <br><br> v. <br><br> INTERNATIONAL PORTFOLIO, INC., <br>      Defendant. | CIVIL ACTION <br><br><br><br><br> NO.  12-3569 |

DuBois, J.                                                                                                                  May 30, 2014

**M E M O R A N D U M**

**I.     INTRODUCTION**

This action arises out of the sale of medical debt portfolios by defendant, International Portfolio, Inc. ("IPC"), to plaintiffs, Medical Investment Co., Ltd. ("MIC"), Ergoserve Corporate Services, LLC ("Ergoserve"), and Northstar Industrial Ltd ("Northstar").  Presently before the Court are (1) Plaintiffs' Motion for Summary Judgment and (2) defendant's Cross-Motion for Deferral of Disposition of Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) and for a Stay of the Case Due to Pending Indictment ("Cross-Motion to Stay").  For the reasons that follow, the Court grants defendant's Cross-Motion to Stay, and denies Plaintiffs' Motion for Summary Judgment without prejudice to plaintiffs' right to resubmit the Motion or to file an amended motion after the Court vacates the stay.

**II.     BACKGROUND**

Plaintiffs commenced this action on June 25, 2012, alleging that defendant breached a series of nine contracts, which required it to make a series of ongoing payments to

plaintiffs.  Am. Compl. ¶¶ 8, 11.  Seven of these contracts were Purchase and Sale Agreements, pursuant to which plaintiffs purchased accounts receivable medical debt portfolios from defendant.  *Id.* ¶¶ 7-8.  The two remaining contracts were Marketing Fee Agreements, under which plaintiff MIC agreed to introduce plaintiffs Ergostar and Northstar to defendant in exchange for a monthly marketing fee.  *Id.* ¶ 11.

On September 4, 2014, a Grand Jury in the District of Maryland returned a ten-count Indictment against Richard Shusterman, shareholder and president of IPI, charging him and his codefendant, Jonathan E. Rosenberg, with (1) wire fraud, in violation of 18 U.S.C. § 1343, and (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  According to the Indictment, Shusterman and Rosenberg devised a scheme "to obtain money using materially false, and fraudulent representations and omissions regarding purchase prices, collection results, and resale values of IPI medical debt portfolios in order to persuade investors to invest in those portfolios."  Indictment ¶ 21, *United States v. Shusterman*, No. 13-cr-460 (D. Md. Sept. 4, 2013).

On November 26, 2013, plaintiffs moved for summary judgment on all of their claims asserted in this case against defendant.  Defendant then filed a Cross-Motion to Stay, "ask[ing either that] this Court . . . defer consideration of Plaintiffs' Motion for Summary Judgment pending resolution of the criminal indictment" or that the Court "stay the entire case, because IPI cannot properly respond to the Motion for Summary Judgment at this time, and cannot otherwise defend itself in this action."  Def.'s Br. at 1-2.

### III.  LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 (1936).  In deciding whether to stay a civil case pending parallel criminal proceedings, courts in this District typically consider six factors: (1) "the extent to which the issues in the criminal and civil cases overlap"; (2) "the status of the criminal proceedings, including whether any defendants have been indicted"; (3) "the plaintiff[s'] interests in expeditious civil proceedings weighed against the prejudiced to the plaintiff[s] caused by the delay"; (4) "the burden on the defendant[]"; (5) "the interests of the court"; and (6) "the public interest." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-cv-1781, 2003 WL 22358819, at *3 (E.D. Pa. May 13, 2003).  The Court addresses each factor in turn.

### IV. ANALYSIS

#### A. Similarity of Issues

"The degree to which issues in simultaneous civil and criminal proceedings overlap is considered the most important threshold issue when determining whether or not to grant a stay." *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. 01-cv-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002).  Defendant argues — and plaintiffs do not dispute — that the criminal and civil cases involve common factual and legal issues.  *See, e.g.*, Def.'s Br. at 9. Indeed, plaintiffs rely on Shusterman's Indictment as an "undisputed material fact" entitling them to summary judgment.  *See* Pls.' Statement of Undisputed Material Facts ¶¶ 10-12.  Accordingly, this factor weighs in favor of a stay.

#### B. Status of the Criminal Case

"In determining whether to grant a stay, a court must also consider the status of the related criminal proceedings, which can have a substantial effect on the balancing of the equities." *In re Adelphia*, 2003 WL 22358819, at *3.  Defendant argues that this factor

weighs in favor of a stay because the criminal case proceeding in the District of Maryland is already in a fairly advanced stage of litigation.  Plaintiffs disagree, asserting that defendant has waived its right to seek a stay of this litigation by not moving for one earlier, during the preceding federal grand-jury investigation into Shusterman's alleged misconduct.

As an initial mater, the Court rejects plaintiffs' argument that defendant has waived its right to seek a stay in this Court.  Prior to the return of the Indictment on September 4, 2013, defendant would have been in the tenuous position of asking for a stay of an undetermined, but possibly prolonged, duration.  Courts are reluctant to grant stays in such a circumstance.  *See, e.g.*, *In re Blood Reagents*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010) (DuBois, J.); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038, 2004 WL 2743591, at *6 (E.D. Pa. Nov. 29, 2004).  As such, it was reasonable for defendant to wait until after the return of the Indictment to move for a stay of this civil litigation.  Further, plaintiffs do not argue that defendant waited an unreasonable period of time after the Indictment was filed before moving for a stay.

With the issue of waiver aside, "[i]n examining this factor, the critical question is whether an indictment has been returned" in the parallel criminal proceedings.  *Soroush v. Ali*, No. No. 09-cv-3703, 2009 WL 3467897, at *2 (E.D. Pa. Oct. 28, 2009).  "The strongest case for a stay . . . in [a] civil case occurs during a criminal prosecution after an indictment is returned."  *Walsh Secs., Inc. v. Christo Property Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings* (1989), *available at* 129 F.R.D. 201)).  This is because "[a]fter indictment, the potential for self-incrimination is high, and the burden of delay is lessened as a result of the Speedy Trial Act."  *Doe v. Pa. State Univ.*, No. 12-cv-2068, 2013 WL 593415, at *1 (M.D. Pa. Feb. 14,

2013). Because Shusterman has been indicted, this factor weighs in favor of staying this action.

### C. Plaintiffs' Interests

Third, the Court must consider the prejudice, if any, that plaintiffs would suffer as a result of any delay. Although the Court is mindful of plaintiffs' desire to resolve this civil litigation expeditiously, "[t]he mere fact that additional time will pass . . . does not alone establish prejudice to the [p]laintiff[s]." *Tucker v. New York Police Dep't*, No. 08-cv-2156, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010), *aff'd in part*, 408 Fed. App'x 513 (3d Cir. 2010). Rather, to establish prejudice, "plaintiff[s] should establish a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." *In re Derivative Litig.*, No. 06-cv-02964, 2007 WL 1101276, at *2 (E.D. Pa. Apr. 11, 2007); *see also State Farm*, 2002 WL 31111766, at *3. Plaintiffs have articulated no such specific injury in this case. Thus, this factor does not weigh against staying the case.

### D. Defendant's Interests

The fourth factor to consider is defendant's interests in staying the civil case. Defendant argues that the Court should defer ruling on plaintiffs' Motion for Summary Judgment because Shusterman, while under indictment, cannot assist IPI in "effectively set[ting] forth facts to defend against Plaintiff's motion . . . , establish[ing] IPI's affirmative defenses, or defend[ing] at trial"[1] without risking either self-incrimination or the waiver of his Fifth Amendment right. Decl. of Andrew J. DeFalco ¶ 6. In response, plaintiffs assert that a corporation, such as IPI, has no privilege against compulsory self-incrimination. *See*

---

[1] Defendant's Answer includes a number of affirmative defenses to plaintiffs' contractual claims, including intentional interference with contractual relations and defamation. Answer & Affirmative Defenses of Def. to the Pls.' Am. Compl. at 14.

Pls.' Reply & Opp. to Def.'s Cross-Mot. at 1.

Plaintiffs are correct that IPI, as a corporation, has no Fifth Amendment right. *See Braswell v. United States*, 487 U.S. 99, 102 (1988). However, "where its individual representatives may be implicated in the alleged wrongdoing," *Hilda M. v. Brown*, No. 10-cv-2495, 2010 WL 5313755 (D. Colo. Dec. 20, 2010), a corporate defendant "may be the unintended beneficiary of a corporate employee's personal invocation of the [F]ifth [A]mendment privilege," *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1495 n.8 (9th Cir. 1989). Specifically, where a corporate defendant's "employees may have Fifth Amendment interests which could be jeopardized," "[t]he implication of the [employees'] right against self-incrimination must be given serious consideration in the balancing of interests." *White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 502 (E.D. Ark. 1987).

In this case, defendant has represented to the Court that Shusterman is "the sole principal of IPI" and therefore "the only person who can testify competently regarding [IPI's] operations." Def.'s Br. at 4, 7. Because this civil case implicates the Fifth Amendment right of the only individual who can speak on IPI's behalf, a failure to stay this case not only may impair IPI's ability to defend itself in this matter,[2] but also may subject Shusterman to "real and appreciable risk of self-incrimination." *Hilda M.*, 2010 WL 5313755, at *5 (quoting *United States v. Kordel*, 397 U.S. 1, 8-9 (1970)); *see also Cadence Design Sys. v. Anant!, Inc.*, No. 95-cv-2028, 1997 U.S. Dist. LEXIS 24147 (N.D. Cal. July 22, 1997) ("[C]orporate defendants are entitled to stay a civil action where a parallel

---

[2] Plaintiffs appear to recognize as much, stating in their Memorandum of Law in Support of Their Motion for Summary Judgment that "[g]iven the criminal charges pending against one of IPI's principals, to avoid incriminating him, Plaintiffs anticipate that IPI will not submit a declaration challenging the facts establishing that Plaintiffs are entitled to summary judgment." Pls.' Mem. of Law in Supp. of Their Mot. for Summ. J. at 4-5.

criminal proceeding prejudices the corporation's right to defend itself."). As such, this factor weighs in favor of a stay.

### E. Interests of the Court

The fifth factor that the Court must consider — the interests of the Court — does not weigh heavily for or against either plaintiffs or defendant. Although a stay is likely to prolong the proceedings in this Court,[3] the Court also "has an interest in avoiding unnecessary litigation that would burden its docket and 'hamper judicial economy.'" *Doe v. Sipper*, 869 F. Supp. 2d 113, 117 (D.D.C. 2012). A stay pending resolution of the criminal case is likely to further the latter goal by reducing the risk of duplication of effort, increasing the potential for settlement, and simplifying the issues raised in this civil litigation. *United States v. All Meat & Poultry Products*, No. 02-cv-5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 3, 2003).

### F. Public Interest

Finally, the Court must consider the public interest. This is not a case where the public's interests will be compromised by the granting of a stay. "Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993). Further, granting the stay may enhance the public interest by "allowing the underlying criminal matter to come to a complete, unimpeded

---

[3] This concern is less salient in this case, however, because the fact that an indictment already has been issued reduces the possibility of a long delay. *United States v. All Meat & Poultry Products*, No. 02-cv-5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 3, 2003) ("In some cases, where the government's criminal investigation has not yet proceeded to the point of indictment, courts might be reluctant to grant a stay because of the uncertainty as to how long the stay might persist. In this case, however, indictments have already issued, so uncertainty is not the factor it might be under other circumstances." (citation omitted)).

conclusion." *Peterson v. Matlock*, No. 11-cv-2594, 2011 WL 5416571, at *5 (D.N.J. Nov. 7, 2011).  Thus, this factor weighs in favor of granting a stay.

## V.     CONCLUSION

After balancing the competing interests at stake in this case, the Court concludes that a stay is in the interests of justice.  Accordingly, all proceedings in this civil action are stayed until further order of this Court.  Defense counsel shall provide the Court with status reports covering the ongoing criminal proceedings in the District of Maryland at four-month intervals, or more frequently if warranted by the circumstances.  Plaintiffs are granted leave to file a motion to vacate the stay in the event that the criminal proceedings are not resolved within a reasonable period of time or changes in the circumstances so warrant.

Finally, the Court denies plaintiffs' Motion for Summary Judgment without prejudice to plaintiffs' right to resubmit the Motion or to file an amended motion after the Court vacates the stay.

An appropriate order follows.